## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

BILLY PARADISE, ADC #87129,
RONALD WILLIAMS, ADC #113905, and
MARCUS A. SHELTON, ADC #112590                                        PLAINTIFFS

v.                                  5:15CV00110-BRW-JTK

GERALD ROBINSON, et al.                                               DEFENDANTS

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

## **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.   Introduction

Plaintiffs Williams and Shelton are inmates confined at the W. C. "Dub" Brassell Adult Detention Center (Jail), who filed this pro se 42 U.S.C. § 1983 action against several Defendants.[1] By Order dated May 19, 2015 (Doc. No. 6), this Court granted Plaintiffs' Motions to Proceed in forma pauperis in this lawsuit and provided them the opportunity to amend their Complaint within thirty days, noting that the allegations were too vague and conclusory for the Court to determine if they stated a constitutional claim. Plaintiffs have not filed an Amended Complaint.

Having reviewed Plaintiffs' Complaint, the Court finds it should be dismissed for failure to state a claim upon which relief may be granted.

### II.   Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner

---

[1] Plaintiff Billy Paradise was dismissed on May 28, 2015, for failure to prosecute. (Doc. No. 8)

complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**III.   Facts and Analysis**

In the Original Complaint, Plaintiffs allege they have been incarcerated at the Jail since March 19, 2015, and were required to sleep on the floor with blankets but without a mat for five days.[2] They also allege they received one-half roll of toilet paper in two weeks and no towel to shower, no ink pens, and no washing of their dirty clothes. In the May 19, 2015 Order, the Court noted that the allegations were too vague and conclusory for the Court to determine if they stated a constitutional claim for relief, that Plaintiffs did not attribute any alleged unconstitutional actions

---

[2]While the Complaint is signed by all three co-Plaintiffs, it is written in first-person tense.

to any of the named Defendants, and that it appeared that some of the individuals named as Defendants were intended as witnesses. (Doc. No. 6, p. 4)

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiffs must allege that a person acting under the color of state law deprived them of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). In order to support an Eighth Amendment claim for relief for unconstitutional conditions of confinement, Plaintiffs first must allege that the conditions were objectively, sufficiently serious, that the punishment imposed amounted to "the denial of 'the minimal civilized measure of life's necessities.'" Farmer v. Brennan, 511 U.S. 825, 834 (1994), citing Rhodes v. Chapman, 425 U.S. 337, 347 (1981). Second, Plaintiffs also must allege that the Defendants acted with deliberate indifference (not negligence or inadvertence) to their need for health and safety. Farmer , 511 U.S. at 834; Wilson v. Seiter, 501 U.S. 294, 303, 305-06 (1991).

"Although the Eighth Amendment's prohibition of cruel and unusual punishment bars more than physical torture, 'discomfort compelled by conditions of confinement, without more, does not violate the amendment.'" Martin v. Byrd, No. 4:07cv01184SWW, 2008 WL 686936 * 4 (E.D.Ark.2008) (quoting Smith v. Coughlin, 748 F.2d 783, 787 (2d Cir. 1984) (other citations omitted.)) "Conditions of confinement, however, constitute cruel and unusual punishment 'only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise.'" Martin, supra *4 (quoting Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994)). An inmate who slept without a mattress or blanket for days on a concrete slab in the winter was not denied the minimal civilized measures of life's necessities, in O'Leary v. Iowa State Men's Reformatory, 79 F.3d 82, 84 (8th Cir. 1996). Furthermore, placement

in a strip cell without clothes, water, mattress, pillow, sheets or blanket for four days was found not unconstitutional in Williams v. Delo, 49 F.3d 442, 445 (8th Cir. 1995). Finally, in Seltzer-Bey v. Delo, 66 F.3d 961, 964 (8th Cir. 1995), the court held that plaintiff failed to support a constitutional claim for relief based on his placement in a strip cell without clothes, water, a mattress or blanket for two days, when he provided no evidence that he suffered any injury or adverse health consequences or that the Defendants knew of and disregarded an excessive risk to his health and safety.

Based on this case law, the Court finds that Plaintiffs' allegations should be dismissed, for failure to state an Eighth Amendment claim for relief. Plaintiffs claim that they were required to sleep on the floor without a mat, but with two blankets, for five days. As noted above, this does not support a constitutional claim for relief. While the allegation that they received one-half roll of toilet paper in two weeks may be troublesome, Plaintiffs do not allege that they ran out of toilet paper or that any of the named Defendants refused to provide them such. In addition, the remaining allegations do not support a finding that Plaintiffs were deprived of an identifiable human need such as food, warmth, or exercise. See Whitnack v. Douglas County, 16 F.3d at 957.

Therefore, absent specific allegations of deliberate indifference by any of the named Defendants, the Court finds Plaintiffs' Complaint should be dismissed for failure to state a claim upon which relief may be granted.

**IV.    Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1.    Plaintiffs' Complaint against Defendants be DISMISSED, for failure to state a claim upon which relief may be granted.

    2.       This dismissal constitute a "strike" within the meaning of the PLRA.[3]

    3.       The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be in good faith, pursuant to 28 U.S.C. § 1915(g).

IT IS SO RECOMMENDED this 23rd day of June, 2015.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[3] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.